ROBERT SCHWARTZENBACH et al., Respondents, *v.* BENJAMIN HASS et al., Appellants.

APPEAL by defendants from a judgment of the Municipal Court of the city of New York, first district, borough of Manhattan.

Sullivan & Cromwell, for appellants.

Rabe & Keller, for respondents.

McADAM, P. J. The plaintiffs entered into an agreement by which they agreed to sell to the defendants twenty-four pieces of black taffetas, at sixty-eight and one-half cents per yard, one-half part to be delivered on August 15, 1900, and the remaining one-half part on October 15, 1900. The August delivery in pursuance of the contract was paid for, another delivery was tendered on October 15, 1900, and refused by the defendants. The action

is to recover the damages sustained by the defendants' refusal to accept said October delivery.

The defense was breach of warranty; that the twenty-four pieces of taffetas were to be sound, strong, merchantable goods, free from defect or injury, and should be in all respects equal in quality to the sample or pieces of taffetas theretofore received by the defendants from the plaintiffs, which were sound, strong, merchantable goods, and that they were not as represented. The defect it was claimed entered into the goods delivered in August, as well as those tendered in October.

The justice, upon conflicting evidence, seems to have found in favor of the plaintiffs on all the facts, impliedly holding that there was no warranty accompanying the sale, or that the goods delivered in August, and those tendered in October, fully conformed thereto. Either finding was authorized by the evidence.

The defendants having refused to accept the October delivery, the plaintiffs, as they lawfully might, retained the goods, and recovered as damages $151.53 (and interest), being the difference between the market value of the goods at the time and place of delivery, and the contract price, the legal measure of damages. Moore v. Potter, 155 N. Y. 481, 486, and authorities cited.

While the plaintiffs might have resold the property and recovered the difference between the contract price and the price obtained upon the resale, they were under no obligation to do it. Moore v. Potter, *supra.*

The evidence sufficiently proves the damages allowed.

The judgment must be affirmed, with costs.

MacLean and Scott, JJ., concur.

Judgment affirmed, with costs.